**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ARIES-OBA EL,

        Plaintiff,

v.                                                      Case No. 3:20-cv-00030-J-20JRK

FLORIDA HIGHWAY PATROL, DUVAL
COUNTY COURT, STATE OF FLORIDA, and
TROOPER: THOMAS JEFFREY, Badge No.
4140: Troop: G,

        Defendants.

## REPORT AND RECOMMENDATION[1]

This cause is before the Court sua sponte. Plaintiff initiated this action on January 14, 2020 by filing a document (Doc. No. 1) that the Court construed as a Complaint. On the same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2) that the Court construed as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for failure to prosecute.

On January 17, 2020, the Court entered an Order (Doc. No. 3), signed January 16, 2020, denying the Motion as deficient and directing that Plaintiff properly complete and file another Application no later than February 14, 2020. See Jan. 17, 2020 Order at 4, 6. The

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Court also noted the Complaint appeared subject to dismissal for lack of subject matter jurisdiction and frivolity and directed Plaintiff to file an Amended Complaint no later than February 14, 2020. Id. at 4, 6. As an alternative to filing the Application and the Amended Complaint, Plaintiff was directed to pay the filing fee by February 14, 2020. Id. at 7.

Plaintiff failed to act by February 14, 2020. Consequently, the undersigned entered an Order to Show Cause (Doc. No. 5) on February 21, 2020, directing Plaintiff to show cause by March 23, 2020 as to why the undersigned should not recommend dismissal of the matter for failure to prosecute. See Order to Show Cause at 2. Plaintiff was also directed to comply with the January 17, 2020 Order by March 23, 2020. Id. Plaintiff was warned that failure to respond by March 23, 2020 would result in a recommendation of dismissal without further notice. Id.

To date, Plaintiff has not responded in any way to the Order to Show Cause, and he has not complied with the January 17, 2020 Order.[2] Accordingly, it is

**RECOMMENDED**:

1.      That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

---

[2] In light of the current coronavirus pandemic, the undersigned delayed the entering of this Report and Recommendation to allow Plaintiff additional time to respond to the Order to Show Cause and comply with the January 17, 2020 Order.

2. That the Clerk of Court be directed to terminate all pending motions and close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on May 19, 2020.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Harvey E. Schlesinger
United States District Judge

Pro Se Party